UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ROBIN ANZALONE COLLURA

CIVIL ACTION

VERSUS

NO. 15-645-JJB-EWD

THE SUCCESSION OF JAMES
ANTHONY COLLURA AND
ANTHONY JOSEPH COLLURA

## NOTICE

     Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

     In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

     ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

     Signed in Baton Rouge, Louisiana, on June 13, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ROBIN ANZALONE COLLURA

CIVIL ACTION

VERSUS

NO. 15-645-JJB-EWD

THE SUCCESSION OF JAMES
ANTHONY COLLURA AND
ANTHONY JOSEPH COLLURA

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO REMAND

Before the Court is a Motion to Remand[1] filed by Plaintiff, Robin Anzalone Collura ("Plaintiff"). The Motion to Remand is opposed[2] by Anthony Joseph Collura ("Anthony") and Plaintiff has filed a reply.[3]

For the reasons set forth herein, it is the recommendation[4] of this Court that Plaintiff's Motion to Remand[5] be GRANTED IN PART AND DENIED IN PART.

### I.      Background

Plaintiff was previously married to the now deceased James Anthony Collura ("Decedent"). Prior to his death, a judgment of divorce was granted between Plaintiff and Decedent. Plaintiff seeks to recover proceeds of Decedent's retirement investment account earned through Decedent's employer, Stihl Southwest (the "Stihl 401(k)") and Decedent's life insurance policy.

---

[1] R. Doc. 4.

[2] R. Doc. 7.

[3] R. Doc. 19.

[4] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

[5] R. Doc. 4.

1

On March 11, 2015, Plaintiff filed a Motion for Temporary Restraining Order and Injunctions (the "Motion for Injunction") in the state court divorce action (the "Divorce Action").[6] In her Motion for Injunction Plaintiff named (1) the Estate of James Anthony Collura, through its duly appointed representative, Virginia Amone (the "Estate"); and (2) Anthony as defendants.[7] Plaintiff alleged that she "was the spouse in community" with Decedent and that she and Decedent "owned a retirement account through the decedent's employment with Stihl Southwest [hereinafter 'the Stihl 401(k)']."[8]  Plaintiff further alleged that upon Decedent's death, Anthony "took possession of the Stihl 401(k) and reinvested the funds with a broker of his choosing" and "did not account to [Plaintiff] or otherwise deliver her share of the community assets."[9]  Asserting that Plaintiff and Decedent's marriage "was governed by the legal regime of acquets and gains," Plaintiff sought a temporary restraining order and injunction enjoining Anthony "from alienating, encumbering, donating, wasting, concealing, or destroying, any items of community property belonging to or in the name of [Plaintiff]; including but not limited to her interest in the funds formerly held in a 401(k) retirement account managed by Stihl Southwest wherever they may now

---

[6] R. Doc. 6-1, pp. 78-79.

[7] R. Doc. 6-1, p. 78, ¶ 1.  The same day Plaintiff filed her Motion for Injunction, the state district court re-allotted the suit to one of its Family Court divisions.  R. Doc. 6-1, p. 74.  On September 4, 2015, the family court division found that it had no subject matter jurisdiction over Plaintiff's claims against Anthony and re-allotted the matter to another division.  R. Doc. 6-1, p. 47.  Due to its finding that it lacked subject matter jurisdiction, the family court judge rescinded and declared absolutely null its previous orders enjoining Anthony and his brokerage firm from certain conduct. R. Doc. 6-1, p. 47. *See also*, R. Doc. 6-1, pp.65-66 (April 30, 2015 order enjoining Anthony from "alienating, encumbering, donating, wasting, concealing, or destroying, any items of community property belonging to or in the name of Robin Collura; including but not limited to her interest in the funds formerly held in a 401(k) retirement account managed by Stihl Southwest wherever they may now be found" and enjoining Edward D. Jones and Co., L.P. "from transferring, withdrawing, reinvesting, alienating, encumbering, donating, wasting, concealing, or destroying, any funds belonging to or in the name of" Anthony or Decedent and setting a show cause hearing on July 21, 2015) & 75 (March 23, 2015 order enjoining Anthony from "alienating, encumbering, donating, wasting, concealing, or destroying, any items of community property belong to or in the name of Robin Collura; including but not limited to her interest in the funds formerly held in a 401(k) retirement account managed by Stihl Southwest wherever they may be found" and setting a show cause hearing on April 28, 2015.).

[8] R. Doc. 6-1, p. 78, ¶ 2.

[9] R. Doc. 6-1, p. 78, ¶ 3.

2

be found."[10]   The parties agree that Anthony was served with a pleading seeking this injunctive

relief on July 17, 2015.[11]

   On September 29, 2015, Plaintiff filed a Petition (the "Petition") under a new suit number

in state district court (the "Second Suit").[12]   Therein, Plaintiff named the Estate[13] and Anthony as

defendants.[14]   Just as in her Motion for Injunction, Plaintiff alleges that she was the spouse in

community with the Decedent and that their marriage was governed by the legal regime of acquets

and gains.[15]   Plaintiff alleges that among the items of community property was the Stihl 401(k)

and a policy of life insurance insuring Decedent.[16]   With regard to the Stihl 401(k), Plaintiff alleges

that:

> During the marriage petitioner was listed as a co-beneficiary of the
> Stihl 401(k) along with [Anthony].  Petitioner did not consent to the
> designation of a co-beneficiary and as such the designation of
> [Anthony] as co-beneficiary is invalid under the terms of the
> contract regulating the Stihl 401(k) as well as federal law under the
> Employee Retirement Income Security Act of 1974 (ERISA).

---

[10] R. Doc. 6-1, pp. 78-79, ¶ 4. On April 29, 2015, Plaintiff moved to reset the hearing on her Motion for Injunction and requested that the temporary restraining order be expanded to include retirement proceeds deposited by Anthony with Edward D. Jones and Co., L.P.  R. Doc. 6-1, pp. 67-68, ¶¶ 3-4.

[11] R. Doc. 6-1, p. 49.  *See also*, R. Doc. 4, ¶ 3 ("Collura was ultimately served with notice of this claim on July 17, 2015.") and R. Doc. 7, p. 1 ("On July 17, 2015, Anthony Collura was finally served with one of the pleadings seeking injunctive relief against him.").

[12] R. Doc. 6-1, pp. 41-45.  In the parties' status report, Plaintiff explains that "[p]ursuant to a December 2014 Judgment, the divorce action and claim against the third party [Anthony] were assigned a new case number 149,943 of Division "D" of the court's general docket."  R. Doc. 8.   The Court does not see anywhere in the pleadings submitted a December 2014 Judgment.  *See*, R. Doc. 6-1.  Based on Plaintiff's recitation of the facts as set forth in the status report, it appears that she is actually referring to a December 2015 judgment that was not included in the updated state court pleadings filed on November 19, 2015 by Anthony.  *See*, R. Doc. 8 (explaining the "December 2014" judgment and stating that Plaintiff "then filed a supplemental or alternative claim against Defendant Anthony alleging that he was in possession of property owed to Plaintiff as the rightful beneficiary of the deceased's 401(k) retirement plan and life insurance policy….").

[13] With regard to the Estate, Plaintiff alleges that she is "entitled to an offsetting payment to compensate her for the additional community property held by" the Estate.  R. Doc. 6-1, p. 42, ¶ 7.

[14] R. Doc. 6-1, p. 41, ¶ 1.

[15] R. Doc. 6-1, p. 41, ¶ 2.

[16] R. Doc. 6-1, p. 41, ¶ 3.

> Petitioner is entitled to be recognized as the **_sole_** beneficiary of the
> Stihl 401(k) retirement account proceeds.[17]

Plaintiff additionally asserts that after the divorce was granted, Decedent improperly changed the beneficiary to Anthony on Decedent's retirement plan[18] and life insurance policy, and that these changes to Decedent's beneficiary designations are null such that Plaintiff is entitled to receive 100% of the retirement and life insurance proceeds or, alternatively, a percentage of those proceeds.[19]  In her prayer for relief, Plaintiff seeks a judgment recognizing her as the sole beneficiary of the Stihl 401(k) and life insurance proceeds or, alternatively, for her interest in the former community, as well as a temporary restraining order and preliminary injunction enjoining Anthony from "alienating, encumbering, donating, wasting, disposing of, concealing, or destroying, the funds he received as the beneficiary of the decedent's retirement plan with Stihl Southwest and the life insurance proceeds…whether on deposit with Edward D. Jones and Co., L.P. or wherever they may now be found…."[20]

On September 29, 2015, Anthony filed a Notice of Removal removing the suit on the basis of federal question jurisdiction.  Anthony asserts that the "401(k) plan is an 'employee welfare benefit plan' as contemplated by" ERISA and therefore Plaintiffs' "claim for benefits under the plan is a federal law claim under 29 U.S.C. 1132(a)(1)(B)."[21]  In conjunction with his Notice of Removal, Anthony filed only the Petition associated with the Second Suit[22] and asserted that no defendants had yet been served.

---

[17] R. Doc. 6-1, p. 42, ¶ 4.

[18] Plaintiff does not explicitly allege that the "retirement plan" at issue is the Stihl 401(k); however, the Court presumes that to be the case.

[19] R. Doc. 6-1, p. 42, ¶¶ 5 & 6.

[20] R. Doc. 6-1, pp. 44-45.

[21] R. Doc. 1, ¶ 3.

[22] Anthony subsequently filed a Notice of Updated State Court Pleadings.  R. Doc. 6.  Therein, Anthony asserts that following removal of the Second Suit, Anthony's counsel "learned that the state clerk of court also changed the docket

4

On October 29, 2015, Plaintiff filed the instant Motion to Remand.[23]  Plaintiff asserts that the Notice of Removal is procedurally defective because: (1) it was not filed within 30 days of when Anthony first received notice of the claim he now asserts provides federal subject matter jurisdiction; (2) the Estate did not join or consent to the Notice of Removal; and (3) Anthony did not attach the entire state court record, which Plaintiff contends "dates back to August 30, 2010 when the original petition for divorce was filed."[24]  Plaintiff also asserts that this Court lacks federal question subject matter jurisdiction because "Plaintiff's claims do not involve *questions* of federal or federal Constitutional law."[25]  As Plaintiff reasons, "[w]hile reference is made to [ERISA] in Plaintiff's petition, the Plaintiff's claims do not necessarily rely upon ERISA for resolution of the dispute nor is her right to sue created by the statute….Plaintiff's claims arise under state community property laws and only refer to ERISA's requirement that a spouse be named as the beneficiary during marriage as an alternative claim if the post-divorce beneficiary designation were invalidated."[26]

## II.   Law and Analysis

### A.  Procedural Improprieties

Plaintiff's arguments regarding procedural improprieties hinge on the relationship between: (1) the Divorce Action and Motion for Injunction filed therein; and (2) her Petition.  At base, the Court understands Plaintiff's position to be that the Petition is a continuation of the

---

number on pleadings from another case to the same docket number as this case, and transferred those pleadings to the file in this case in state court.  Also, the state court continued to take actions even after removal (generating additional documents that have since been added to the state court record)."  R. Doc. 6.  A review of the updated state court record shows that pleadings associated with the Divorce Action, including the Motion for Injunction, were assigned the same docket number as Plaintiff's Petition.

[23] R. Doc. 4.

[24] R. Doc. 4, ¶¶ 7-9.

[25] R. Doc. 4, ¶ 10.

[26] R. Doc. 4, ¶ 10.

Divorce Action such that pleadings filed in that suit must be considered when determining the propriety of Anthony's removal. Based on the Court's review of the state court record, as well as the parties' explanations of the procedural history of this matter, the Court finds that the September 29, 2015 Petition was filed as a new proceeding under a new docket number and thereby commenced a new suit. However, assuming *arguendo* that the Petition is considered as something akin to an amended or supplemental petition in the Divorce Action, the Court still finds Anthony's removal procedurally proper.

### 1. Timeliness

Pursuant to 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…." Here, Plaintiff filed a new suit in state district court and Anthony removed that suit on the same day. Accordingly, the Notice of Removal was timely filed within thirty days of the filing of the Petition.

Alternatively, assuming *arguendo* that the Petition was not the initial pleading in this suit, Plaintiff argues that Anthony's thirty-day clock to seek removal began to run when he was served with the Motion for Injunction in the Divorce Action on July 17, 2015, which asserted that Plaintiff was entitled to a portion of the funds from the Stihl 401(k) and that Anthony was in possession of those funds.[27] Plaintiff reasons that she has "always asserted that she was entitled to compensation for a portion of the deceased's 401(k) account and the 401(k) account was always regulated by ERISA."[28] Accordingly, Plaintiff argues that because Anthony could first ascertain that the case

---

[27] R. Doc. 4-1, p. 2.

[28] R. Doc. 4-1, p. 2.

was removable on July 17, 2015 (at least based on Anthony's interpretation of this Court's federal question jurisdiction), Anthony's Notice of Removal was untimely.  In response, Anthony asserts that it was not until Plaintiff's September 29, 2015 Petition that Plaintiff "claimed to be a *beneficiary* of the 401(k) plan and entitled to relief under ERISA."[29]  With regard to the claims asserted in Plaintiff's Motion for Injunction, Anthony asserts those claims "were pleaded very briefly, and were most fairly characterized as claims arising under state community property laws."[30]

Pursuant to 28 U.S.C. § 1446(b)(3), "if a case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  Generally, a federal question exists "if there appears on the face of the complaint some substantial, disputed question of federal law." *In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 12 (1983)). "Further, a reference in a petition regarding a violation of unspecified federal laws does not establish a federal claim." *Jones v. Bush*, 2009 WL 1883053, at *2 (M.D. La. June 30, 2009) (citing *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995)).  Where an action is not originally removable, a party may file a notice of removal after it ascertains that the matter is or has become removable based on an amended pleading or other paper.  28 U.S.C. § 1446(b).  Here, Anthony's thirty-day clock began to run upon service of the Motion for Injunction only if the Motion for Injunction "affirmatively revealed on its face that Plaintiff was asserting a cause of action based on federal law." *Nixon-*

---

[29] R. Doc. 7, p. 3.

[30] R. Doc. 7, p. 3.

*Gatlin v. MRC Receivables Corp.*, 2007 WL 2712403, at \*2 (W.D. La. Sept. 10, 2007) (citing *Leffall v. Dallas Independent School Dist.*, 28 F.3d 521, 525 (5th Cir.1994)).

In the Motion for Injunction, Plaintiff alleged that she was a spouse in community with Decedent and that together they "owned a retirement investment account through the decedent's employment with Stihl Southwest [hereinafter 'the Stihl 401(k)']."[31] Plaintiff alleged that upon Decedent's death, Anthony took possession of the Stihl 401(k), reinvested the funds, and "did not account to [Plaintiff] or otherwise deliver her share of the community asset."[32] Plaintiff further alleged in the Motion for Injunction that her marriage to Decedent was "governed by the legal regime of acquets and gains" and that irreparable injury, loss or damage could occur "since the third party in possession of community property will dispose of, encumber, or conceal such items of community property."[33] The Court agrees with Anthony that such claims are clearly focused on state community property laws.

In contrast, in her Petition Plaintiff alleges for the first time that during the marriage she was "listed as a co-beneficiary of the Stihl 401(k) along with [Anthony]"[34] and that this co-beneficiary designation is "invalid under the terms of the contract regulating the Stihl 401(k) as well as federal law under [ERISA]." Plaintiff further alleges that she "is entitled to be recognized as the *__sole__* beneficiary of the Stihl 401(k).…"[35] In her prayer for relief, Plaintiff seeks a judgment recognizing her as the sole beneficiary of the Stihl 401(k) or alternatively, for her interest in the former community property.[36] Although the Court agrees with Plaintiff that she has always

---

[31] R. Doc. 6-1, p. 78, ¶ 2.

[32] R. Doc. 6-1, p. 78, ¶ 3.

[33] R. Doc. 6-1, p. 78, ¶ 4.

[34] R. Doc. 6-1, p. 42, ¶ 4.

[35] R. Doc. 6-1, p. 42, ¶ 4.

[36] R. Doc. 6-1, pp. 44-45.

asserted an entitlement to the proceeds of the Stihl 401(k), Plaintiff's Motion for Injunction did not contain any statement that any violations of ERISA had occurred or that she was a beneficiary under an ERISA-governed plan.

The Court finds that the Motion for Injunction did not trigger Anthony's thirty-day time period for removal. As noted above, the Court views the Petition with a new docket number as a new matter and if so, it is undisputed that removal was timely. However, even if the Petition is not a new matter, it is the first pleading that revealed on its face that Plaintiff was making a claim under federal law. Therefore, Anthony's removal was timely.

## 2.   Consent of the Estate

Where, as here, "a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). *See also*, *Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of North America*, 841 F.2d 1254, 1262 (5th Cir. 1988) ("all defendants who are properly joined and served must join in the removal petition…."); *Humphries v. Elliot Co.*, 760 F.3d 414. 417 (5th Cir. 2014) ("when removal is effected pursuant to § 1441, only co-defendants who have been "properly joined and served " must join in or consent to the removal.").

Plaintiff argues that the Estate received notice of the claim to the 401(k) proceeds on March 11, 2015 when a copy of the Motion for Injunction was transmitted to the Estate's counsel.[37] As explained above, the Petition was filed as a new proceeding under a new docket number. At the time Anthony filed his Notice of Removal, the Estate had not been served with the Petition. Accordingly, under the plain language of 28 U.S.C. § 1446(b)(2)(A), the Estate's consent or joinder in the removal was not required.

---

[37] R. Doc. 4-1, p. 3.

### 3.   Copy of State Court Proceedings

28 U.S.C. § 1446(a) requires a defendant desiring removal to file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." As noted above, Anthony attached only the Petition to his Notice of Removal and subsequently filed a Notice of Updated State Court Pleadings.[38] Plaintiff argues that Anthony's "failure to include the entire State court record is not an oversight but rather a deliberate attempt to characterize this litigation in the manner he sees fit….This case is the continuation of the divorce action between the Plaintiff and her former spouse…and a third party in possession of former community property."[39] In response, Anthony highlights the "confusion" on the state court docket, explaining that the state clerk of court "has also removed other pleadings from the Family Court suit and placed them in the new suit" and placed Plaintiff's Petition "in the same new suit as the transferred pleading[s]."[40] Anthony asserts that at the time of removal, he did not know that the Petition was filed using the same docket number as the pleadings transferred from the Divorce Action.

Plaintiff recognizes that "the jurisprudence from the Fifth Circuit generally indicates that the removing party's failure to file the required state court papers is 'curable in the federal courts if there is a motion to remand….'"[41] However, Plaintiff argues that Anthony's failure to attach additional state court pleadings should not be excused here, because such pleadings are necessary

---

[38] *See*, R. Doc. 1 & R. Doc. 6.

[39] R. Doc. 4-1, p. 4.

[40] R. Doc. 7, p. 5.

[41] R. Doc. 4-1, p. 4 (citing 14C Fed. Prac. & Proc. Juris. § 3733 ("both the failure to file all state court papers and the failure to provide the Federal Civil Rule 11 signature are curable in the federal court.") and *Covington v. Indemnity Ins. Co. of North America*, 251 F.2d 930, 933 (5th Cir. 1958) (federal court did not lack jurisdiction because the petition for removal did not include the records and proceedings of the state court).

to provide "the appropriate context of this case that informs [this Court] of the appropriateness of exercising jurisdiction."[42]

The Court disagrees with Plaintiff's assessment. Not only has Anthony supplemented his original state court submissions with additional state court papers, he has provided a reasonable explanation for his failure to do so at the time the Notice of Removal was filed. The Court's own review of the state court proceedings reveals some procedural confusion.[43] To the extent this Court finds that additional pleadings are necessary to complete the state court record, the federal rules of procedure following removal allow this Court to order additional supplementation. *See*, 28 U.S.C. § 1447(b) (following removal, the district court "may require the removing party to file with its clerk copies of all records and proceedings in such State court or may cause the same to be brought before it by writ of certiorari issued to such State court."). Under these circumstances, the Court declines to find Anthony's failure to attach anything more than the Petition to his Notice of Removal a procedural defect necessitating remand.

### B.  Federal Question Subject Matter Jurisdiction

This Court has original subject matter jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Nevertheless, because federal courts are courts of limited jurisdiction, it is presumed that a suit removed to federal court lies outside this limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The party seeking removal bears the burden of demonstrating that a federal question exists. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Generally, a federal question exists "if there appears on the face of the complaint some substantial, disputed question of federal law." *In*

---

[42] R. Doc. 4-1, p. 4.

[43] Further, as noted above, the Court's own review of the state court proceedings suggests that the Petition was filed as a new matter with a new docket number and was the only pleading in that matter at the time removal was sought.

*re Hot–Hed, Inc.*, 477 F.3d 320 (5th Cir.2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir.1995)).  However, "[w]hen a federal statute completely preempts state law, any claim which comes within the scope of that statute, even if plead in terms of state law, is in reality based on federal law and can be removed.  ERISA is one of those federal statutes." *Donelon v. Distribution by Datagen*, 2012 WL 3028036, at *2 (M.D. La. June 13, 2012) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-8 (2004) ("'[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption,' the state claim can be removed.  This is so because '[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.'  ERISA is one of these statutes." (citing *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003))).

"Complete preemption of a state-law claim occurs when 'a remedy falls within the scope of or is in direct conflict with ERISA § 502(a), and therefore within the jurisdiction of the federal court." *Day v. Lockheed Martin Corp.*, 428 Fed. Appx. 275, 278 (5th Cir. 2011) (finding plaintiff's 401(k)-related claims fell within ERISA's scope and were preempted and exercising supplemental jurisdiction over remaining claims).  "ERISA broadly preempts 'any and all State laws insofar as they may now or hereafter relate to any employee benefit plan.'"  *Manning v. Hayes*, 212 F.3d 866, 870 (5th Cir. 2000) (citing 29 U.S.C. § 1144(a)).  As explained by the Fifth Circuit, "[a] law 'relates to' an employee benefit plan when the law has 'a connection with or reference to such plan.'  The scope of the ERISA preemption provisions is 'deliberately expansive,' and they are consistently construed to accomplish the congressional purpose of insuring minimum standards in the administration of employee benefit plans." *Id.*  (internal citations omitted).  In *Mayeaux v. Louisiana Health Service and Indem. Co.*, 376 F.3d 420, 432 (5th Cir. 2004), the Fifth Circuit

12

explained that ERISA preempts a state law claim if "(1) [t]he state law claim addresses an area of federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationships among traditional ERISA entities – the employer, the plan and its fiduciaries, and the participants and beneficiaries."

Significantly, "[a]lmost every circuit court to consider the issue, including [the Fifth Circuit], has determined that a state law governing the designation of an ERISA beneficiary 'relates to' the ERISA plan, and is therefore preempted." *Manning v. Hayes*, 212 F.3d 866, 870 (5th Cir. 2000) (collecting cases). *See also*, *Tucker v. Shreveport Transit Management Inc.*, 226 F.3d 394, 397 (5th Cir. 2000) ("To help achieve uniformity, Congress enacted a broad preemption clause…which provides, generally, that ERISA 'shall supersede any and all State law insofar as they may now or hereafter relate to any employee benefit plan…." As such, ERISA preempts state laws that touch upon the distribution of benefits and proceeds of plans covered by ERISA."). Further, the Supreme Court has found ERISA preempts certain Louisiana community property laws under a conflict preemption analysis. *Boggs v. Boggs*, 520 U.S. 833, 841 (1997). *See also*, *Berry v. Kirkland*, 1998 WL 187823, *1 (E.D. La. April 20, 1998) ("The Supreme Court has recently addressed the issue of federal preemption of state community property laws and concluded that ERISA trumps state law").

Plaintiff does not dispute that the Stihl 401(k) is an "employee welfare benefit plan" regulated by ERISA.[44]  However, she asserts that the ERISA civil enforcement provision cited by Anthony in his Notice of Removal, 29 U.S.C. § 1132(a)(1), "does not provide a private cause of action to former spouses of participants" and that she was "neither a participant nor was she a

---

[44] *See*, *e.g.*, R. Doc. 4-1, p. 2 ("Plaintiff always asserted that she was entitled to compensation for a portion of the deceased's 401(k) account and the 401(k) account was always regulated by ERISA.").

beneficiary when benefits were paid."[45]  Rather, Plaintiff argues that at its core, she has pled a state law claim that does not necessarily raise a substantial and disputed federal issue capable of resolution without disruption of the federal-state balance approved by Congress.[46]  In response, Anthony argues that Plaintiff claims to be a beneficiary of an ERISA-governed plan, and that 29 U.S.C. § 1132(a)(3)(B) provides for equitable claims by beneficiaries to recover funds from ERISA-governed plans in the hands of a third party.[47]

By her Petition, Plaintiff alleges that: (1) during her marriage, Decedent made an invalid co-beneficiary designation of Anthony in violation of the terms of the Stihl 401(k) and federal law; and (2) following her divorce, Decedent improperly changed the beneficiary of the Stihl 401(k) to Anthony.[48]  Plaintiff alleges that she is entitled to all or alternatively a portion of Decedent's

---

[45] R. Doc. 4-1, p. 6.

[46] R. Doc. 4-1, p. 5-9.  (citing *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mgf.*, 545 U.S. 308, 314 (2005) (declining to state a "'single, precise, all-embracing' test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties" and explaining that "[i]nstead, the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.").  *See also*, R. Doc. 4-1, p. 9 ("this matter is at its core an action for divorce and division of community property with an additional claim asserted against a third party.")

[47] R. Doc. 7, pp. 6-7. Under 29 U.S.C. § 1132(a)(3), a civil action may be brought by a plan beneficiary "(A) to enjoin any act or practice which violates any provision of this subchapter, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this subchapter."  Under 29 U.S.C. § 1132(a)(1)(B), a beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." To the extent Plaintiff argues that she is not within the class of claimants able to bring a claim under ERISA, such argument does not bear on the Court's analysis of subject matter jurisdiction. *See*, *Board of Trustees of the Plumbers and Pipefitters National Pension Fund v. Fralick*, 601 Fed. Appx. 289, 293 (5th Cir. 2015) ("Mrs. Fralick argues, however, that the district court lacked subject matter jurisdiction because the Board's ERISA claim falls outside the remedies provided to it in § 1132(a). She argues that the Board, an ERISA fiduciary, has brought a claim for benefits, and only a beneficiary may make such a claim….This argument, however, does not bear on whether we have subject matter jurisdiction over the Board's claim.") (citing *ACS Recovery Services, Inc. v. Griffin*, 723 F.3d 518, 523 (5th Cir. 2013)).

[48] In her original Petition, Plaintiff alleged that the post-divorce beneficiary designation was in violation of injunctions in place in the divorce action.  She has moved to amend her Petition, explaining that she "incorrectly stated in her petition that an injunction was previously issued in the divorce case that prohibited her late husband from changing the beneficiary of his life insurance or retirement accounts."  R. Doc. 13-1, p. 3.  By her proposed amended allegation, Plaintiff asserts that Decedent's post-divorce beneficiary designation was in violation of La. C.C. art. 2369.3.  R. Doc. 13-2.  That provision provides that "[a] spouse has a duty to preserve and to manage prudently former community property under his control, including a former community enterprise, in a manner consistent with the mode of use of that property immediately prior to termination of the community regime. He is answerable for any damage caused by his fault, default, or neglect."

retirement account proceeds.  The Court agrees with Anthony that despite Plaintiff's attempt to characterize her claims as solely state law in nature, they are "nevertheless connected with or related to the ERISA plan…."  *See*, *Perry v. Prudential Co. of America*, 2012 WL 253403, at *3 (M.D. La. Jan. 26, 2012) (citing 29 U.S.C. §§ 1144(a), 1132(a)(1)(B) (ERISA broadly preempts "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan"); *Cromwell v. Equicor–Equitable HCA Corp.*, 944 F.2d 1272, 1275 (6th Cir.1991) ("It is not the label placed on a state law claim that determines whether it is preempted but whether in essence such claim is for the recovery of an ERISA plan benefit")).  Significantly, Plaintiff seeks a judgment from this Court "recognizing her as the sole beneficiary of the Stihl 401(k) proceeds…."[49]  Because Plaintiff has claimed the right to receive benefits under the terms of an ERISA-governed plan based on her alleged status as a beneficiary, such a claim is preempted by ERISA and therefore based on federal law.

### C.  Exercise of Supplemental Jurisdiction over Potential State Law Claims

Anthony's Notice of Removal also asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1367.[50]  Plaintiff asserts that Anthony "is presumably requesting that this court exercise supplemental jurisdiction and adjudicate all of Plaintiff's rights to her former community property and related reimbursement claims – not just the retirement proceeds"[51] and that this Court should not exercise such supplemental jurisdiction.[52]  In response, Anthony asserts that if this suit contains

---

[49] R. Doc. 6-1, p. 44.

[50] R. Doc. 1, ¶ 1.

[51] R. Doc. 4-1, p. 9.

[52] R. Doc. 4-1, p. 10.

unresolved domestic relations issues, this Court "could remand all claims against [the Estate] and allow them to proceed in state court."[53]

Accordingly, it appears that the parties agree that Plaintiff's claims against the Estate should not be subject to this Court's exercise of supplemental jurisdiction. The Court agrees. Under 28 U.S.C. § 1367(c)(4), this Court may decline to exercise supplemental jurisdiction over state law claims if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." To the extent Plaintiff has unresolved claims against the Estate unrelated to Decedent's allegedly improper changes to the beneficiary status in Decedent's Stihl 401(k), the Court declines to exercise jurisdiction over such claims.[54] Presumably, such claims are not significantly intertwined with Plaintiff's claims for proceeds of Decedent's Sithl 401(k). Moreover, issues of comity and judicial efficiency dictate that the state court which has previously overseen the divorce proceedings should continue to do so where not preempted by federal law. *See*, *Ex parte Burris*, 136 U.S. 586, 593 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States."); *Franks v. Smith*, 717 F.2d 183, 185 (5th Cir. 1983) ("issues of domestic relations are the province of state courts…."); *Evans v. Williamson County Government, Tex.*, 2015 WL 4621449, at *5 (W.D. Tex. May 28, 2015) ("federal courts generally abstain from resolving cases involving intrafamily relations, including child support actions.") (citing *Congleton v. Holy Cross Child Placement Agency, Inc.*, 919 F.2d 1077, 1078 (5th Cir. 1990) (as a general rule, federal courts refuse to hear domestic disputes, including child custody action)); *Chandler v. Commander*,

---

[53] R. Doc. 7, p. 8.

[54] Plaintiff's Petition is not particularly clear with regard to her claim against the Estate. Her Petition alleges that "[a]dditionally, petitioner is entitled to an offsetting payment to compensate her for the additional community property held by the [Estate] and/or the heirs of the decedent." R. Doc. 6-1, pp. 42-43, ¶ 7.

*Army Fin. & Accounting Ctr.*, 863 F.2d 13, 15 (5th Cir. 1989) (federal courts have traditionally abstained from domestic relations cases because of strong state interest and competence in issues presented by such cases); *Goins v. Goins*, 777 F.2d 1059, 1062 (5th Cir. 1985) (state court has strong interest in and expertise to decide domestic issues which federal courts lack).  *See also*, *E.D. Systems Corp. v. Southwestern Bell Tel. Co.*, 674 F.2d 453, 457-58 (5th Cir. 1982) (considering effect of order remanding divorce proceedings to state court but explicitly excluding proceedings related to money deposited in federal court registry).  With respect to Plaintiff's claim for proceeds of the life insurance policy, no party has asserted that such policy is governed by ERISA or otherwise preempted by federal law.  Accordingly, the Court declines to exercise supplemental jurisdiction over any of Plaintiff's other claims and exercises federal question jurisdiction over Plaintiff's claim to proceeds of the 401(k) only.[55]

### D.  Fees and Costs

Plaintiff also seeks to recover fees and costs associated with her Motion to Remand.[56] Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Because the

---

[55] Although not raised in support or opposition of the Motion to Remand, both parties note that the state court continued to exercise jurisdiction over Plaintiff's Petition following removal.  *See*, R. Doc. 4-1, p. 4 ("The state trial court did in fact conduct a hearing on Plaintiff's request for injunctions on October 27, 2015 wherein Collura asserted that the state court no longer had jurisdiction over this entire matter."); R. Doc. 6 ("Also, the state court continued to take actions even after removal (generating additional documents that have since been added to the state court record.").  Pursuant to 28 U.S.C. § 1446(d), "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."  A copy of the Notice of Removal was filed in the state court proceeding on September 29, 2015. R. Doc. 6-1, pp. 33-38.  *See*, La. R.S. § 13:850 (allowing for state court filing by facsimile).  Plaintiff has not asserted, and there is no indication in the record, that Anthony failed to comply with the provisions of La. R.S. §13:850.  Accordingly, proceedings in the state court following removal of this action were null and void and remain so until a final determination as to whether any portion of this suit will be remanded.  *See*, *E.D. Systems Corp. v. Southwestern Bell Tel. Co.*, 674 F.2d 453, 457-58 (5th Cir. 1982) ("removal of a case from state court to federal court ends the power of the state to act….The jurisdiction of the state court is not restored unless and until the federal court remands the case.  A state court judgment in a case that has been removed may not foreclose further federal proceedings in the removed case and the federal court may enjoin a party from enforcing the state court judgment.").

[56] R. Doc. 4, p. 4 and R. Doc. 4-1, p. 11.

Court recommends that Plaintiff's Motion to Remand be denied in part, the Court also recommends that Plaintiff's request for fees and costs be denied.

**III.      Recommendation**

For the reasons set forth herein, it is the recommendation of this Court that Plaintiff's Motion to Remand[57] be GRANTED IN PART AND DENIED IN PART.[58]

Signed in Baton Rouge, Louisiana, on June 13, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[57] R. Doc. 4.

[58] Plaintiff's state court Petition seeks injunctive relief.  The Court does not analyze that request herein and limits this report and recommendation to the issues directly raised by Plaintiff's Motion to Remand.

18