UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBIN ANZALONE COLLURA

CIVIL ACTION

VERSUS

NO. 3:15-00645-JJB-EWD

ESTATE OF JAMES ANTHONY COLLURA
AND ANTHONY JOSEPH COLLURA

### **ORDER**

In response to the Court's April 20, 2017 *Order*,[1] each of the parties[2] filed briefs[3] regarding whether the Court should administratively close this action pending the resolution of the state court proceeding, *Robin Anzalone Collura v. Estates of James Anthony Collura, et al.*, in the 21st Judicial District Court.[4] On August 2, 2016, this Court entered an *Order* remanding all but Plaintiff's claim of entitlement to her deceased, ex-husband's 401(k) proceeds to the 21st Judicial District Court.[5] While reviewing the respective briefs, the Court learned that the parties in this case are also involved a separate Rule 22 federal interpleader action pending in the United States District Court for the Eastern District of Louisiana. In that case, the Court for the Eastern District of

---

[1] Doc. 32.
[2] During the pendency of this litigation, Defendant Anthony Joseph Collura died. Doc. 27. On March 13, 2017, the Court granted a motion to substitute Susan Collura Settoon as Defendant in place of Anthony Joseph Collura. Doc. 29.
[3] Doc. 22 and Doc. 35.
[4] Doc. 1 and Doc. 1-2. Although the *Petition* that was initially removed to federal court had been assigned Docket No. 149, 943, Defendant Anthony has indicated that post-remand this case may be reassigned a new docket number. According to Anthony, on January 23, 2017, the State Court Judge ordered that Docket No. 149, 943 was a separate matter that should have a separate docket number. However, as of the date of his brief, the Clerk of Court for the 21st Judicial District Court had not yet assigned the case a separate docket number. Doc. 35.
[5] Doc. 23. *See also, Ruling Adopting the Report and Recommendations of Magistrate Judge*, Doc. 22.

1

Louisiana will have to determine which party is the rightful owner of certain funds derived from the proceeds of James Collura's welfare benefit, including the 401(k) plan at issue in this case.[6] In light of this Court's remand *Order*, on August 11, 2016, the Court for the Eastern District of Louisiana administratively stayed its case pending the resolution of the state court matter in the 21st Judicial District Court.[7]

Like our sister court in the Eastern District of Louisiana, this Court finds for its own reasons that an administrative stay of this case is appropriate at this time. It is evident that this case has many moving pieces and is intertwined with other litigation, involving some tangential legal claims and issues, pending in at least two other forums—the 21st Judicial District Court and the Eastern District of Louisiana. For the Court to make a determination of liability at this stage, would be an inefficient use of legal resources and inevitably result in piecemeal litigation. Additionally, since the Court for the Eastern District of Louisiana will have jurisdiction over the *res* in contest in the interpleader action, the Court for the Eastern District of Louisiana will be able to provide complete relief to the parties—unlike this Court.[8] Therefore, the Court finds that to proceed at this juncture would be in error.

Accordingly, the Court hereby ORDERS that this case is **STAYED** and be **ADMINISTRATIVELY CLOSED** pending the resolution of the claims remanded to the

---

[6] *Edward D. Jones & Co., L.P. v. Anthony Collura and Robin Anzalone Collura*, 2:16-cv-01228, Section L (3).

[7] Doc. 33-2. (Doc. 27 in Civil Action No. 2:16-01228-EEF-DEK, United States District Court, Eastern District of Louisiana.) By no mistake of its own, the Court for the Eastern District of Louisiana, relying on this Court's docket sheet no doubt, thought that the entire case had been remanded to the 21st Judicial District Court, when, in fact, it had not. After this Court's *Order* of remand was entered into the filing system, the case was terminated in error on August 2, 2016. The case was subsequently reopened.

[8] The District Court for the Eastern District of Louisiana also denied Defendant Robin Collura's motions to dismiss the Rule 22 Interpleader Complaint and Crossclaim, as well as her alternative argument of transferring the case to the Middle District of Louisiana. (Doc. 20 in Civil Action No. 2:16-cv-01128-EEF-DEK).

21st Judicial District Court by the United States District Court for the Middle District of Louisiana, and the resolution of the Rule 22 interpleader action, *Edward D. Jones & Co., L.P. v. Anthony Collura and Robin Anzalone Collura*, 2:16-cv-01128, in the United States District Court for the Eastern District of Louisiana.

Signed in Baton Rouge, Louisiana, on May 5, 2017.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**